Judge Underwood
delivered the opinion of the Court.
The bank instituted an action of debt,against the defendants, and William Wilson, upon a - note for $400, dated 12th April, 1822, negotiable at,, the Somerset branch, and payable at.one-hundred and twenty days. The suit abated, as to Wilson, by the. sheriff’s return.
The defendants, the Letchers, plead, that “on the 12th August, 1822, in the .regular course of the business and transactions of said bank, the note, in the declaration set forth, .being then due, and payable, William Wilson, ‘the principal in said note, offered and tendered, to the said bank, in full.satisfaction and discharge thereof, another note, due at four months, with the names of Joseph P. Letcher, @nd Benjamin Letcher, thereto written and subscribed as securities, for the sum of $>384, with the sum. of. *196 $23 54 cents, call and interest, then due upon said note,so. offered, in satisfaction; which last mentioned note and money, the defendants aver, the said bank,, on the said ISth day of August, Í822, received in full satisfaction and discharge of the note, in the declaration set forth; and this they are ready to verify, Stc¡n To this plea the bank demurred, and-the court gave judgment upon the demurrer, in favor of the defemlants: to reverse which., the bank has prosecutd a writ of error, with supersedeas. The only question arises upon the foregoing plea. Is jt a good bar tc# the action.
The payment, of the call & Interest, on a note due in, bank, and the execution of a newnote, by the same persons, who we?e obligors in the erigí- ■ nal note, cannot be plead by them as accord and satisfaction, to a suit, instituted by the bank, on the original note.
All pleas of accord and satisfaction, must shew some advantage to obli-gee.
When this suit was instituted, the note mentioned in the plea, had become due. The names of the same persons, and no other, were to this note, as obli-gors, which are to the note, upon which suit has been brought. Can the subsequent note (supposing it to be properly executed by the paties) constitute a satisfaction of any part of the first note, and can it be plead as such. It cannot, if the the doctrines of the law, as laid down in Bacon, title, Accord and Satisfaction, sustained by the numerous authorities referred to, are to prevail.
It is expressly said, that “one obligation, given in satisfaction for another, is no discharge, whether grounded upon an .accord or not.’ A payment of a part, and giving a new note, for the residue, cannot mend it, unless the payment had been made, and new note given,, before the first became due; in which case, there.might be advantage to the obligee, which ought tp support the satisfaction. But, when the first note is due, and the whole payable, there is no advantage, in legal contemplation, to the obligee, in receiving part, and postponing the the. payment of the balauce.
That all pleas of accord and satisfaction, must shew some advantage to the obligee, is well settled, npt only in Bacon, under the above title, but is fully recognized by this court, in the casCof the Commonwealth, for Johnson vs. Miller, &c. V. Mon. 211. blew notes, which vary the original contract, and to which there are new obligors, may present such advantages, as will sustain a plea of accord and satisfaction. At least wp will not say, they may not, and *197 de sire tobe understood, as giving no fixed opinion on the subject. But where the obligors are the same, and there is no change in the contract, but the anee of further indulgence, we do not perceiye the ground upon which the ancient rules of law, can with propriety, be overturned or disregarded. We know. 'that in banking transactions, it is customary to renew notes, from time to time, and to leave all the old notes . ■ r l i m possession ot the bank.
When the otr-te the same, an¡j there is no change ot contract but the allow-theTtime^the execution of such new b”tRjga? then^ln bar to anactiori first
When there bas been a new notes’executed without suretie^to'’ the first note, and without to be bound ’ notwith-st|mding the audconse-°tS quent mdul-Keno?> the ^o^bedis-* charged. Jlrgu.
«áaynote sued on, be-camedue, taniesemrily, and paid call an*J interest, an' an re* coived new note and money, in satisfaction of one sued on,’ is bad plea of accord and satisfaction.
*197 It may be-said, that inconvenience, if not injustice, will arise, by permitting the bank to select any of these old notes, and sustain suits upon them. Where there has been a change of obligors, and new notes executed, without the consent of sureties' to the first note, and without an agreement on their part, to be bound, notwithstanding the new contracts, and sequent indulgence, the sureties would not be atedandthe evils to them, would be no-greater than a liability to be harrassed by various suits, on different notes for the same debtv This liability cannot be avoided, if obligors are so careless, as not to take up their old notes, upon renewing them, provided, the officers of the bank, are disposed to harrass-them with suits thereon. Against the evils of carelessness, there is no providing by legal rules. Besides, there is no danger, either to principal or sureties, no matter how many different notes there may be for-the same debt, in the possession of the bank,- of being compelled to pay more than the amount, really due, if they will as they should do, preserve proof of all their payments. The plea of payment, will do them ample justice. They must remember that the burden of proof lies on them, and if sued on an old note,considerably reduced by payments, and ¡mbsequent renewals, it is their business to show it. .
Applying the foregoing principles, to the present case, we aré of opinion, the plea is bad as a plea of accord find satisfaction. But, even if the money paid, and a new note properly .executed, for the bal-anee due, could ’ constitute the foundation of a good plea of accord and satisfaction, still, the present plea is defective, in not averring that the note, relied on in the plea, was duly executed by Wilson, and the *198 I'jetchers, and was obligatory upon them. It doea_ not appear from the plea, that the note reliéd on possessed any obligation whatever. It may have been a forgery. The plea says, the names of the Letchers were written arid subscribed to the note, but by whom subscribed, is not alleged, and does not appear.
Crittenden and Anderson, for plaintiffs; Owsley, for defendants.
We are of opinion, therefore, that the circuit court erred in overruling the demurrer to the plea.
Wherefore, the judgment of the circuit court is reversed, and the cause remanded, with directions, to sustain the demurrer, and for new proceedings, to ■ commence at that point, not inconsistent with this opinion.
The plaintiff in error, must recover costs.-